UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL HUNTER,

    Plaintiff,
v.                                                    Case No. 19-10354

GRECHEN WITHMORE and
US Treasure DC,

    Defendants.
_____/

**ORDER DISMISSING COMPLAINT AND APPLICATION TO PROCEED WITHOUT
PREPAYING FEES AND ENJOINING PLAINTIFF FROM FILING FURTHER
COMPLAINTS WITHOUT LEAVE OF COURT**

        Plaintiff filed an amended complaint and application to proceed without prepaying fees. The court could not decipher either of these documents and ordered Plaintiff to show case why his amended complaint and application to proceed without payment of fees should not be dismissed. (Dkt. #7.) Plaintiff filed a response to this show cause order that is equally illegible and incomprehensible. Plaintiff's response also lacks any cogent explanation of Plaintiff's financial inability to pay the filing fees for this case.

        Federal Rule of Civil Procedure 41(b) gives the district court power to dismiss a complaint where "the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." The rule acts as a tool by which the court can "effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation and alteration omitted). Whether to dismiss under Rule 41(b) is within the sound discretion of the district court. *Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349

(6th Cir. 2001). Here, Plaintiff failed to adequately respond to the court's order to show cause. Plaintiff has not paid the filing fee and failed to provide an intelligible description of either his financial inability to pay or the claims he attempts to assert.

Based on the court's review of the docket, Plaintiff has filed roughly six similarly unintelligible complaints in the Eastern District of Michigan. All of these actions appear to contain the same incoherent allegations related to Plaintiff's attempt to collect a large sum of money but fail to articulate a cognizable legal claim. Plaintiff has also filed over 20 complaints in the Western District of Michigan. Given the repetitive and seemingly frivolous nature of Plaintiff's continued filings in the Eastern District, the court will also order Plaintiff to obtain leave from the presiding judge before filing any additional complaints in this district. *See Marbly v. Wheatley*, 87 F. App'x 535, 536 (6th Cir. 2004) ("A district court has the authority to issue an injunctive order to prevent prolific litigants from filing pleadings without first obtaining court approval to do so."); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) ("The district court entered an order requiring leave of court before the plaintiffs filed any further complaints. This requirement is the proper method for handling the complaints of prolific litigators[.]"). Accordingly,

IT IS ORDERED, that the amended complaint (Dkt. #6) is DISMISSED WITHOUT PREJUDICE and Plaintiff's application to proceed without payment of fees (Dkt. #1) is DISMISSED.

IT IS FURTHER ORDERED that plaintiff is ENJOINED and RESTRAINED from filing any new complaints in the United States District Court for the Eastern District of Michigan without first seeking and obtaining leave of court by the presiding judge.[1]

Dated: March 12, 2019

                                       s/Robert H. Cleland
                                       ROBERT H. CLELAND
                                       UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 12, 2019, by electronic and/or ordinary mail.

                                       s/Lisa Wagner
                                       Case Manager and Deputy Clerk
                                       (810) 292-6522

S:\Cleland\Cleland\HEK\Civil\19-10354.HUNTER.dissmiss.and.enjoin.HEK.docx

---

[1] The district judges rotate acting as the presiding judge and are usually designated for one-week periods. The name of the presiding judge is not disclosed before Monday at 8:30 am and can be obtained by contacting the Clerk's office. *See* E.D. Mich. LR 77.2.